**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. _____

(To be supplied by the court)

**MAR 09 2020**

**JEFFREY P. COLWELL**
**CLERK**

Frederick L. Allman,  Plaintiff

v.

United States DOJ Trustee Program and Executive Director Clifford J. White III et al (see list),

Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

| **NOTICE** |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

### A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

**Frederick L. Allman, DOC No. 169149**
**Sterling Correctional Facility**
**PO Box 6000 Sterling, Colorado 80751**
**(970) 521-5010**

---

(Name, prisoner identification number, and complete mailing address)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee

____ Civilly committed detainee

____ Immigration detainee

_X_ Convicted and sentenced state prisoner

____ Convicted and sentenced federal prisoner

____ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMÁTION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   **United States DOJ Trustee Program and**
**Director Clifford J. White III**
**950 Pennsylvania Ave NW**
**Washington, DC 20530**
**(202) 307-1391**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **_X_** Yes __ No (*check one*). See enclosed details.
Defendant 1 is being sued in his **_X_** official and/or **_X_** individual capacity.

Defendant 2:   **United States DOJ Trustee Program and**
**USTO Stephen P. Arnot**
**620 SW Main Street-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **_X_** Yes __ No (*check one*). See enclosed details.

Defendant 2 is being sued in his **_X_** official and/or **_X_** individual capacity.

Defendant 3:   **Jennifer Wickens**
**Colorado Attorney for Plaintiff**
**c/o State Public Defender**
**Boulder Regional Office**
**2555 55th Street-Suite 200**
**Boulder, CO 80301**
**(303) 444-2322**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **_X_** Yes __ No (*check one*). See enclosed details.

Defendant 3 is being sued in her **_X_** official and/or **_X_** individual capacity.

2

Defendant 4:  **Megan Ring**
**Colorado Attorney for Plaintiff**
**c/o State Public Defender**
**1300 Broadway-Suite 400**
**Boulder, CO 80203**
**(303) 764-1400**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 4 is being sued in her **X** official and/or **X** individual capacity.

Defendant 5:  **Douglas Wilson**
**Colorado Attorney for Plaintiff**
**c/o State Public Defender**
**1300 Broadway-Suite 400**
**Denver, CO 80203**
**(303) 764-1400**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 5 is being sued in his **X** official and/or **X** individual capacity.

Defendant 6:  **Elizabeth L. Perris**
**Former US Bankruptcy Court Judge**
**1132 SW 19th Avenue-Suite 811**
**Portland, OR 97205**
**(503) 705-5157**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*).  See enclosed details.

Defendant 6 is being sued in her **X** official and/or **X** individual capacity.

Defendant 7:  **Pamela J. Griffith**
**Former US Trustee**
**District of Oregon**
**620 SW Main St-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 7 is being sued in her **X** official and/or **X** individual capacity.

Defendant 8: **M. Vivienne Popperl**
**Former Attorney**
**US Trustee District of Oregon**
**620 SW Main St-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __**X**__ Yes __ No (*check one*). See enclosed details.

Defendant 8 is being sued in her __**X**__ official and/or __**X**__ individual capacity.

Defendant 9: **Peter C. McKittrick**
**Former Bankruptcy Trustee**
**US Trustee District of Oregon**
**620 SW Main Street-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __**X**__ Yes __ No (*check one*). See enclosed details.

Defendant 9 is being sued in his __**X**__ official and/or __**X**__ individual capacity.

Defendant 10: **Kenneth S. Eiler**
**Bankruptcy Trustee**
**US Trustee District of Oregon**
**620 SW Main Street-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __**X**__ Yes __ No (*check one*). See enclosed details.

Defendant 10 is being sued in his __**X**__ official and/or __**X**__ individual capacity.

Defendant 11: **Cynthia Morris**
**Bankruptcy Trustee Paralegal**
**US Trustee District of Oregon**
**c/o Jordan Ramos, PC**
**2 Center Pointe Drive-Suite 600**
**Lake Oswego, OR 97035**
**(503) 598-7070**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __**X**__ Yes __ No (*check one*). See enclosed details.

Defendant 11 is being sued in her __**X**__ official and/or __**X**__ individual capacity.

4

Defendant 12: **Montgomery W. Cobb**
**Bankruptcy Professional**
**US Trustee District of Oregon**
**620 SW Main Street-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See following details.

Defendant 12 is being sued in his  **X**  official and/or  **X**  individual capacity.

Defendant 13: **Eric M. Bosse**
**Bankruptcy Professional**
**US Trustee District of Oregon**
**620 SW Main Street-Suite 213**
**Portland, OR 97205**
**(503) 326-4000**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 13 is being sued in his  **X**  official and/or  **X**  individual capacity.

Defendant 14: **Tracey S. Baron and**
**Michelle A. Baron et al**
**Professional Agents USTO**
**c/o Stephen K. Christiansen**
**311 S. State Street-Suite 250**
**Salt Lake City, UT 84111**
**(801) 716-7016**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 14 is being sued in his/her **X** official and/or  **X**  individual capacity.

Defendant 15: **Kimberly Arden**
**US Bankruptcy Court Case**
**Non-Debtor and Co-Conspirator**
**722 Bounty Drive-Apt 2207**
**Foster City, CA 94404**

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). See enclosed details.

Defendant 15 is being sued in her **X** official and/or  **X**  individual capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

__X__ F.T.C.A. (Federal Tort Claims Act)

__X__ 18 U.S.C. § 1961/1962/1963/1964

__X__ 42 U.S.C. § 1983/1985/1986/1988

__X__ 42 U.S.C. § 12101 et seq

## D. STATEMENT OF JOINT AND SEVERALLY CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

| **CLAIM ONE:** | **Civil Rights (Due Process, Equal Access)** |
|---|---|
| Predicate Facts: | Boulder County District Court Case No. 2014CR0551 |
| | United States District Court Case No. 3:13-CR-0559-HZ |

| **CLAIM TWO:** | **Obstruction of Justice (Failure to Act or Intervene)** |
|---|---|
| Predicate Facts: | Boulder County District Court Case No. 2014CR0551 |
| | United States District Court Case No. 3:13-CR-0559-HZ |
| | United States District Court Case No. 2:15-CV-0755-DS |

| **CLAIM THREE:** | **Breach of Fiduciary Duty** |
|---|---|
| Predicate Facts: | Government Motion and Order to Dismiss |
| | Oregon Trust Deed Act (OTDA) |
| | Oregon Tenancy by Entirety (OTBE) |
| | United States Bankruptcy Code |
| | United States District Court Case No. 3:13-CR-0559-HZ |
| | United States District Court Case No. 2:15-CV-0755-DS |

**CLAIM FOUR:**       **Fraud, Conversion, Embezzlement and Malfeasance**

Predicate Facts:       Government Motion and Order to Dismiss
Oregon Trust Deed Act (OTDA)
Oregon Tenancy by Entirety (OTBE)
United States Bankruptcy Code
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM FIVE:**       **Use of Government Resources for Personal Gain**

Predicate Facts:       Discovery, Public and Judicial Records
Government Motion and Order to Dismiss
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM SIX:**       **Civil RICO Conspiracy**

Predicate Facts:       Discovery, Public and Judicial Records
Government Motion and Order to Dismiss
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM SEVEN:**       **Conspiracy to Conceal Bankruptcy Estate and Trustee Fraud**

Predicate Facts:       Discovery, Public and Judicial Records
Government Motion and Order to Dismiss
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM EIGHT:**       **Conspiracy to Violate US Bankruptcy Code and Harm Plaintiff**

Predicate Facts:       Discovery, Public and Judicial Records
Government Motion and Order to Dismiss
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM NINE:**       **Loss of Absolute, Quasi-Judicial, Qualified and/or Sovereign Immunity**

Predicate Facts:       Discovery, Public and Judicial Records
Government Motion and Order to Dismiss
United States District Court Case No. 3:13-CR-0559-HZ
United States District Court Case No. 2:15-CV-0755-DS

**CLAIM TEN:**       **Discrimination of a Qualified Individual with a Disability**

7

## Statement of the Case

This verified *prima facie complaint* is a Civil Rights, Civil RICO, breach of fiduciary duty, fraud, conversion, embezzlement, defalcation, legal malpractice and malfeasance conspiracy action filed by indigent, incarcerated and disabled prisoner Frederick L. Allman. Plaintiff's complaint is for injunctive relief and damages pursuant to Bivens (91 S.Ct. 1991), Federal Tort Claim Act (FTCA), 18 U.S.C. § 1961-1964 Civil RICO Actions, 42 U.S.C § 1983 Civil Rights, 42 U.S.C § 1985 Conspiracy and 42 U.S.C § 1986 Failure to Act or Intervene. The claims in this civil action are meritorious and undisputable. The statement of predicate facts, which are a documented matter of judicial and public record, are so overwhelming that any jury would return a verdict for the Plaintiff. The District of Colorado is the proper venue for this action as a substantial majority of the civil rights violations in this matter not only occurred while Plaintiff was a citizen and resident of Colorado but continue as the Defendants in this matter failed to return Plaintiff's assets and continue to violate Plaintiff's civil rights daily, as a resident of Colorado.

The Colorado Attorneys for the Plaintiff in Boulder County District Court Case No. 2014CR0551 (Defendants Wickens, Ring and Wilson) entered into a mutually agreed upon course of action to perpetrate a fraud for personal gain on the Plaintiff, Court and People of the State of Colorado in Boulder County District Court Case No. 2014CR055. This fictitious criminal case was created as part of a conspiracy to deprive Plaintiff of his due process and equal access rights to appear, be arraigned and to obtain counsel in Plaintiff's US District Court Case No. Case No. 3:13-CR-0559-HZ. Defendants Wickens, Ring and Wilson each personally knew that this was a fictitious criminal case but actively conspired to harm Plaintiff by failing to act or intervene in furtherance of the conspiracy. Boulder County District Court Case No. 2014CR0551 was never prosecuted and dismissed upon motion by the State of Colorado in 2015. Plaintiff suffered substantial personal harm due to deprivation of due process rights.

The US Attorney initiated and filed a Government motion in 2018 to dismiss Case No. 3:13-CR-00559-HZ admitting that they initiated the case against the Plaintiff as a "favor" to the US Trustee without any investigation or probable cause. The US Trustee for the District of Oregon fraudulently seized all of the Plaintiff's personal and retirement assets in 2008. In 2013, the US Trustee conspired with then US Attorney S. Amanda Marshall to initiate a fraudulent indictment (Case No. 3:13-CR-00559-HZ) to silence Plaintiff from exposing the public corruption at the US Trustee for the District of Oregon. Plaintiff was living in Colorado when he was falsely arrested, detained without access to Federal counsel and was denied arraignment for 18 months. Multiple violations of the Plaintiff's Federal and constitutionally protected rights occurred in Colorado and the criminal case against Plaintiff was voluntarily dismissed with prejudice in 2018 prior to trial. The Assistant USAO for the District of Oregon (Michelle H. Kerin) openly admitted that the indictment filed against Plaintiff was simply a "favor" to the US Trustee by then US Attorney S. Amanda Marshall without any investigation, probably cause or criminal intent.

The indictment filed against Plaintiff was no accident and the direct result of a carefully orchestrated conspiracy to conceal bankruptcy trustee breach of fiduciary duty, fraud, conversion, embezzlement, defalcation and malfeasance using Government resources of the US Trustee for the District of Oregon. The 2013 criminal indictment was intended to silence Plaintiff from being a "whistle blower" in his efforts to expose the public corruption that involved hundreds of victims and over $100M of Oregon real estate. The facts presented in this matter were compiled from publically available information, records, depositions, investigations, documents filed in Federal cases, Oregon State Bar, Oregon Tenancy by Entirety Statute (OTBE), Oregon Trust Deed Act (OTDA), US Bankruptcy Code and hundreds of similar cases filed in the US Bankruptcy Court for the District of Oregon. The facts listed here were turned over to the USAO and the fraudulent criminal case against the Plaintiff voluntarily dismissed with prejudice.

9

The new attorney for the US Trustee in the District of Oregon, Carla McClurg, launched an investigation into the six fraudulent bankruptcy petitions filed by Tracey and Michelle Baron which were all dismissed by the US Bankruptcy Court for concealment of assets and debtor-in-possession mismanagement of bankruptcy estate assets. However, when Carla McClurg discovered that Tracey and Michelle Baron were actually silent real estate business partners with several of the bankruptcy trustees working out of her own office, she immediately closed the investigation and refused to produce her files during the discovery phase of the Plaintiff's criminal case.

The US Trustee Program Director and his/her District Offices throughout the United States are charged with the fiduciary duty and pecuniary responsibility to oversee all bankruptcy cases filed in their Region. However, the US Trustee for the District of Oregon has been doing just the opposite. According to public records of the US Bankruptcy Court for the District of Oregon, literally hundreds of secured real estate properties valued at over $ 100M have been sold to just one person (Tracey Baron) for pennies on the dollar. Although have multiple judgments against them, Tracey and Michelle Baron are currently on trial once again in US District Court Case No. 2:15-CV-00755-DS for fraud and conversion. There appears to be over 100 victims of this fraudulent scheme which is still operating today under the "supervision" and "oversight" of the US Trustee for the District of Oregon. The United States Government, Department of Justice, US Attorney General and US Trustee General have knowingly, willingly, wantonly and recklessly ignored this case of public corruption using government resources for personal gain in the District of Oregon for over ten years. The US Trustee and several US Bankruptcy Court Judges for the District of Oregon have allowed this bankruptcy trustee malfeasance to continue as a direct result of their continuing failure to provide fiduciary and/or judicial oversight for US Bankruptcy Court cases in their District.

10

## Bankruptcy Trustee $ 500,000 "Side Deal"

A very well-kept secret in the Plaintiff's bankruptcy case has been the $ 500,000 "side deal" made by US Trustee bankruptcy trustees Peter C. McKittrick and Kenneth S. Eiler with the non-debtor and co-conspirator in the case. According to US Bankruptcy Court transcripts, the two trustees entered into a secret written agreement whereas the non-debtor and con-conspirator was allowed to remove over $ 500K of assets from the Plaintiff's bankruptcy estate without proper creditor notification or US Bankruptcy Court approval. According to court records filed in the Plaintiff's bankruptcy case, this "secret side deal" was in exchange for non-debtor's agreement to QuitClaim Deed the largest asset in Plaintiff's bankruptcy estate (appraised at $ 4.5M) to US Trustee for the District of Oregon "Agents" Tracey and Michelle Baron for only $ 5,000. McKittrick and Eiler also gave the Baron's instant possession to the $ 4.5M bankruptcy estate property years before approval was even requested from the US Bankruptcy Court in the District of Oregon. The Baron's immediately installed "cash" renters in the property and the monthly "cash" rental income was never reported to the US Bankruptcy Court, IRS or Oregon Department of Revenue. According to other records from the US Bankruptcy Court for the District of Oregon, this is exactly the same fraudulent scheme that US Trustee bankruptcy trustees McKittrick, Eiler, Arnot and others used in literally hundreds of similar cases that involved transfers of bankruptcy estate property to the Baron's. This fraudulent ponzi-like real estate scheme ultimately involves over 1000 victims and at least $ 100M of Oregon real estate sold to Tracey and Michelle Baron for pennies on the dollar often times leaving little or no money left in the bankruptcy estates to pay any of the creditors.

## US Trustee "Agents" Tracey and Michelle Baron et al

Government agents (and business partners) Tracey and Michelle Baron are Oregon real estate "property flippers" working under the direct supervision of the US Trustee for the District of Oregon.

They have also the subject of multiple judgments, multiple liens, and multiple bankruptcy filings and are currently involved in litigation in several states. In approximately 2009 or 2010, bankruptcy trustee Peter C. McKittrick approached Tracey and/or Michelle Baron about purchasing his bankruptcy estate properties in return for special financial "favors". The Barons conspired with the US Trustee for the District of Oregon and bankruptcy trustee Peter McKittrick to create a "Ponzi-like" scheme to purchase bankruptcy estate properties acting as an agent and silent business partner for the Government. These properties were to be sold to one of the Baron's multiple shell companies formed in the State of Oregon, for pennies on the dollar in exchange for certain financial "favors". A complete description of this fraudulent scheme and the participants is located in the US District Court Case No. 2:15-CV-0075-DS.

A deposition from bankruptcy trustee Peter McKittrick's personal paralegal (Cynthia Morris) admitting her participation for personal gain in this scheme has also been included in the facts in evidence for this case. This conspiracy quickly grew to include several other select bankruptcy trustees working under the direct supervision for the US Trustee for the District of Oregon including successor bankruptcy trustee for the Plaintiff's bankruptcy case, Kenneth Eiler. Government agent and business partner Tracey Baron wrote an email naming all of the bankruptcy trustees involved in this scheme and this document was exculpatory and facts in evidence obtained by investigators in the Plaintiff's criminal case No. 3:13-CR-00559-HZ. The sheer volume of properties sold to the Defendants Tracey Baron and Michelle Baron Barons over the years by US Trustee for the District of Oregon and the ridiculous purchase prices paid clearly established the special agent relationship and business partnership that they had with the USTO.

## US Trustee Authorized Unlicensed Marijuana Grow

The US Trustee for the District of Oregon and bankruptcy trustee Peter McKittrick gave Government agent and business partners Tracey and Michelle Baron immediate access and "possession" of the

12

Plaintiff's $4M bankruptcy estate real property years prior to properly notifying creditors or obtaining court approval. However, the Baron's immediately installed "cash" renters in the property and the Plaintiff's bankruptcy estate never received any of the rental income. The Baron's never paid any Federal or State income tax on their rental income either. The US Trustee for the District of Oregon and bankruptcy trustee Peter McKittrick also authorized the Baron's to install and operate an unlicensed marijuana "grow" on the Plaintiff's bankruptcy estate property before it was legalized in the State of Oregon. This grow operated by Tracey Baron Michelle Baron and John Hughes who was the "cash" renter at the Plaintiff's bankruptcy estate property. Their deposition are in evidence in US District Court Case No. 2:15-CV-00755-DS. Their depositions are also included in the exculpatory facts in evidence in Plaintiff's US District Court criminal case No. 3:13-CR-00559-HZ and were shared with the US Attorney for the District of Oregon. It is common custom, practice and policy for the US Trustee for the District of Oregon to knowingly, willingly, wantonly and deliberately violate Federal Laws, State Laws as well as the US Bankruptcy Code for personal gain, unjust enrichment and political favors.

## Violation of OTDA/OFTA/OTES (Bankruptcy Trustee QuitClaim Deeds)

It was standard custom, practice, pattern and unwritten policy for bankruptcy trustee Peter C. McKittrick to use his position of power and authority under the color of law to transfer the deed of bankruptcy estate property to US Trustee agents Tracey and Michelle Baron (without proper notification to creditors or prior bankruptcy court approval) in violation of the US Bankruptcy Code. These transfers were executed using a QuitClaim or Bankruptcy Transfer Deed under the pretense of a "sale" to Government business partners Tracey and Michelle Baron for approximately 1% of the property market value instead of returning the fully encumbered property to the secured and primary lien holder as called for in the US Bankruptcy Code, Oregon Trust Deed Act, Oregon Fraudulent Transfer Act and the Oregon

13

Tenancy by Entirety Statute. The money received from Tracey and Michelle Baron was deposited in the bankruptcy estate account and immediately spent for fees submitted by McKittrick and his band of "professionals" that he hired for each case leaving no money left in the bankruptcy estate to pay any of the creditors. Peter C. McKittrick had his personal paralegal, Cynthia Morris notarize each of these QuitClaim Deeds in his office and the property title was then given to Tracey and Michelle Baron for recording, often times before any notice or approval was received from the bankruptcy court. Morris received $ 500 "cash" from Tracey and Michelle Baron for each property successfully transferred and has already provided a deposition and admitted her personal role in this fraudulent real estate scheme in US District Court Case No. 2:15-CV-00755-DS. US Trustee agents and business partners Tracey and Michelle Baron would immediately place a "cash only" renter in most of the literally hundreds of bankruptcy estate properties acquired from bankruptcy trustees Peter C. McKittrick, Stephen P. Arnot, Kenneth M. Eiler and others working "under the color of the law" at the US Trustee for the District of Oregon. The thousands of dollars of monthly "cash" rental income collected by Tracey and Michelle Baron was never deposited into any of the bankruptcy estate accounts for the benefit of the creditors or reported to the IRS or Oregon Department of Revenue. The US Trustee for the District of Oregon has a custom, pattern and practice of re-hiring ex-bankruptcy trustees fired by previous USTO's for malfeasance and/or who have had their licenses suspended by the Oregon State Bar for fraud. All of the roads to public corruption for hundreds of similar bankruptcy cases lead back to the same place, Tracey Baron and Michelle Baron and the US Trustee for the District of Oregon. Tracey and Michelle Baron have multiple judgments against them and just received another judgment against them at their recent trial for fraud and conversion in US District Court Case No. 2:15-CV-00775-DS. This public corruption using Government resource is very similar to the ex-bankruptcy trustee Charles Duck embezzlement case in the Northern California District of the US Bankruptcy Court.

14

### Statement of Defendant's Personal Involvement

Defendant 1 (UNITED STATES DOJ Trustee Program and Director Clifford J. White III)

1. Plaintiff alleges Defendant failed to provide oversight and supervision of the USTO. Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return

15

Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

## Defendant 2 (UNITED STATES DOJ Trustee Program and USTO Stephen Arnot)

1. Plaintiff alleges Defendant failed to provide oversight for the USTO employees, agents and sub-contractors. Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the

16

conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

17

Defendants 3/4/5 (Wickens/Ring/Wilson)

1. Plaintiff alleges Defendant knew or should have known that Plaintiff's Boulder County District Court Case No. 2014CR0551 was being fraudulently used to deprive Plaintiff of his constitutional right to due process and equal access to Federal Court in Case No. 3:13-CR-0559-HZ. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendants failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendants knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551 and United States District court Case No. 3:13-CR-0559-HZ.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal

18

replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

Defendant 6 (Elizabeth L. Perris)

1. Plaintiff alleges Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course

19

of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

Defendant 7 (Pamela J. Griffith)

1. Plaintiff alleges Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a

20

qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

21

## Defendant 8 (M. Vivienne Popperl)

1. Plaintiff alleges Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value

22

pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

Defendant 9/10/11/12/13 (McKittrick/Eiler/Morris/Cobb/Bosse)

1. Plaintiff alleges Defendants knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendants knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ

23

was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

## Defendant 14 (Tracey S. and Michelle A. Baron et al)

1. Plaintiff alleges Defendants knew or should have known that Plaintiff's property was being fraudulently sold to them in violation of the OTDA, OTBE and the US Bankruptcy Code.

24

Defendants knew that they had no intention to pay US Bank for Plaintiff's property when they purchased the right to purchase. Defendant collected cash rental income from Plaintiff's property and failed to turn it over to the bankruptcy estate. Defendants collected cash rents from Plaintiff's property and failed to report the income to the IRS or ODR. Defendants built and operated a marijuana grow business on Plaintiff's property in violation of both Federal and State laws. Defendants used Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

3. Defendant's actions in this matter caused Plaintiff to be fraudulently indicted, illegally arrested and held without arraignment for approximately 18 months depriving Plaintiff of his rights to due process and equal access to US District Court Case No. 3:13-CR-0559-HZ. Defendant actions in this matter caused Plaintiff to lose all of his retirement assets, personal and real property.

4. Defendant's actions violated Plaintiff's rights to due process and equal access to Federal Court pursuant to the Sixth Amendment of the Constitution. Defendant's mutually agreed upon course of conduct with the other Defendant's in this matter violated 42 U.S.C. § 1985. Defendant's failure to act or intervene in this matter violated 42 U.S.C. § 1986. Defendant has failed to return Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. These deliberate and intentional acts have waived any and all claims to immunity in this action.

5. The predicate facts to support these contentions and allegations include, but are not limited to the judicial records of Boulder County District Court Case No. 2014CR0551, the discovery in United States District court Case No. 3:13-CR-0559-HZ and court documents filed in United States District court Case No. 2:15-CV-0755-DS.

6. Plaintiff seeks return of all Plaintiff's retirement assets, real and personal property or provide equal replacement value pursuant to Title 11, Chapter 3, and Section 349 of the US Bankruptcy Code. Plaintiff seeks declaratory and injunctive relief. Plaintiff seeks compensatory, punitive and attorney fee monetary damages past, present and future.

## Defendant 15 (Kimberly Arden)

1. Plaintiff alleges Defendant knew or should have known that Plaintiff was being fraudulently indicted, falsely arrested, falsely detained and deprived of his constitutional rights to due process and equal access to Federal Court. Defendant knew or should have known other defendants in this matter were actively participating in a real estate Ponzi-scheme to defraud creditors, debtors and non-debtors of the US Bankruptcy Court. Defendant knew or should have known bankruptcy trustees and other employees of the US Trustee's Office were using Government resources for personal gain. Defendant knew or should have known that Plaintiff's indictment was being used by other Defendants in this matter to conceal bankruptcy trustee fraud, conversion, embezzlement, malfeasance and breach of fiduciary duty. Defendant knew or should have known Plaintiff was a qualified individual with a disability. Defendant had marital fiduciary responsible to protect the Plaintiff's marital assets yet Defendant failed to act or intervene in furtherance of the conspiracy to harm Plaintiff.

2. Defendant knew or should have known when Plaintiff's criminal Case No. 3:13-CR-0559-HZ was dismissed upon Government motion in 2018.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

| | |
|---|---|
| Name(s) of defendant(s): | United States DOJ and USAG William P. Barr et al |
| Docket number and court: | 1:19-cv-02300-LTB-GPG |
| Claims raised: | Malicious prosecution, Civil Rights |
| Disposition: (is the case still pending? has it been dismissed?; was relief granted?) | It is on appeal (Case No. 19-1460) |
| Result on appeal, if appealed: | Pending |

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

__X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

__X__ Yes ___ No (*check one*)

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages as "G. REQUEST FOR RELIEF."*

The Plaintiff seeks return of his retirement assets, real and personal property or compensation for the

replacement value pursuant to Title 11, Chapter 3 and Section 349 of the US Bankruptcy Code. All

Requests for relief are jointly, severally, past, present and future. Plaintiff seeks compensatory, punitive

and attorney fee monetary damage past, present and future.

28

## H.    PLAINTIFF'S SIGNATURE

I, Frederick L. Allman, declare under penalty of perjury that I am the Plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct to the best of my knowledge. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's Signature)

_____
(Date)

(Form Revised December 2017)

29

JS 44 (Rev. 06/17)   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FREDERICK L. ALLMAN

**(b)** County of Residence of First Listed Plaintiff   LOGAN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

## DEFENDANTS

UNITED STATES DOJ AND CLIFFORD J. WHITE III et al

County of Residence of First Listed Defendant   Washington D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated *or* Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated *and* Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCS 1983 / 1985 / 1986 / 12101 AND BIVENS AND RICA

Brief description of cause:   ☐ AP Docket   Civil Rights, Civil RICO, Fraud, Breach of Fiduciary Duty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   > 75K

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE   3-3-2020

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____